Filed 6/2/26  In re S.S. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re S.S., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E087858 |
| Plaintiff and Respondent, | (Super.Ct.No. DPSW2400004) |
| v. | OPINION |
| J.S., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Sean P. Crandell, Judge. Conditionally reversed with directions.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

Minh C. Tran, County Counsel, Julie Jarvi, Deputy County Counsel for Plaintiff and Respondent.

1

On January 2, 2024, plaintiff and respondent Riverside County Department of Public Social Services (the Department) removed minor brothers J.J.S. and L.S. (collectively, Sons) from the custody of their parents, J.S. and R.P. (collectively, Parents). In December 2024, Parents' daughter, S.S. (Daughter), was born. Three days later the Department removed Daughter from Parents' custody.

On August 12, 2025, the juvenile court terminated Parents' parental rights to Sons. (Welf. & Inst. Code, § 366.26, subd. (b)(1).)[1] Parents filed an appeal contending the Department failed to adequately inquire into Sons' possible Indian heritage because the Department did not contact Sons' extended paternal relatives. The Department conceded its error. (*In re J.S.* (Jan. 6, 2026, E086654) [nonpub. opn.] at p. 2.) On January 6, 2026, this court conditionally reversed the orders terminating Parents' parental rights so an adequate inquiry into Sons' possible Indian heritage could be conducted. (*J.S.*, at p. 4.)

On January 15, 2026, the juvenile court terminated Parents' parental rights to Daughter. (§ 366.26, subd. (b)(1).) J.S. (Father) appeals contending the Department failed to adequately inquire into Daughter's possible Indian heritage because it did not contact Daughter's extended paternal relatives. (§ 224.2, subd. (a); *In re Dezi C.* (2024) 16 Cal.5th 1112, 1140 ["[A]n adequate initial inquiry that reaches beyond parents to extended family members and others facilitates the discovery of Indian identity"].) The Department concedes its error. The Department's case reports reflect that the

---

[1] All subsequent statutory references are to the Welfare and Institutions Code.

Department asked Father about any possible Indian heritage, which he denied, but the reports make no mention of whether the Department inquired regarding Father's relatives' names and contact information so as to speak with them about any possible Indian heritage. (Cal. Rules of Court, rule 5.481(a)(5) [documentation requirements].) Because nothing is documented in that regard, we will accept the People's concession and conditionally reverse so a proper Indian heritage inquiry may be conducted. (*Dezi C.*, at p. 1136 ["[E]rror resulting in an inadequate initial [Indian heritage] inquiry requires conditional reversal with directions"].)

## DISPOSITION

The order terminating parental rights is conditionally reversed. The case is remanded to the juvenile court so it and the Department may comply with their obligations to inquire into Daughter's possible paternal Indian heritage. (§ 224.2, subd. (a).) Thereafter, if the juvenile court determines that there is no reason to know whether Daughter is an Indian child (§ 224.2, subd. (i)(2); Cal. Rules of Court, rule 5.481(b)), then the juvenile court shall reinstate the order terminating parental rights. If the juvenile court concludes there is reason to know Daughter is an Indian child (§ 224.2,

subd. (i)(1)), then the juvenile court shall proceed in compliance with the relevant federal and California laws.  (25 U.S.C. § 1912, subd. (a) & § 224.2, subd. (i)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
                                                                              J.

We concur:

RAMIREZ
            P. J.

CODRINGTON
            J.

4